# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1175V
UNPUBLISHED

TOM THOMPSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 27, 2022

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 9, 2021, Tom Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on or about October 7, 2019. Petition at 1. Petitioner further alleges that the vaccine was received in the United States, he suffered the residual effects or complications of his condition for more than six months, and Petitioner has not received compensation in the form of an award or settlement, or filed a civil action, for his vaccine-related injuries. Petition at ¶¶ 4, 14, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 22, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 27, 2022, Respondent filed a proffer on award

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of compensation ("Proffer") indicating Petitioner should be awarded $72,430.48. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $72,430.48 (including $65,000.00 representative of pain and suffering and $7,430.48 representative of out of pocket medical and related expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | | |
|---|---|---|
| TOM THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. 21-1175V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

### I.     Procedural History

On April 9, 2021, Tom Thompson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, alleging that he suffered from Gillian Barre Syndrome ("GBS") following administration of an influenza vaccine on October 7, 2019. Petition at 1. On February 18, 2022, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report concluding that petitioner suffered GBS as defined by the Vaccine Injury Table (the "Table") and within the Table timeframe. On February 22, 2022, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for a GBS Table injury.

### II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$72,430.48,** for all damages, including $65,000.00 representative of pain and suffering, and $7,430.48 representative of out-of-pocket medical and related expenses. This

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$72,430.48** in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date: May 27, 2022

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.